UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANCE STRICKLAND, et al.,

    Plaintiffs,

v.                                            Case No. 3:15cv158/MCR/CJK

BIG IRON ENVIRONMENTAL,
INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on defendants' "Motion to Set Aside Default or Default Judgment" (doc. 9). Plaintiffs have not responded in opposition. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and N.D. Fla. Loc. R. 72.2(E). Upon careful consideration of the record, the parties' submissions, and the relevant law, the undersigned concludes defendants' motion should be granted.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiffs initiated this case on April 7, 2015, by filing a complaint against Big Iron Environmental, Inc., and its President, James O'Brien, and Secretary, Kristy O'Brien, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. (Doc. 1). Plaintiffs seek to bring this action on behalf of all similarly situated individuals employed by the defendants within the past three years. (Doc. 1).

Case No. 3:15cv158/MCR/CJK

The defendants were served with the summons and complaint on April 8, 2015. (Doc. 4). After defendants failed to respond within the time mandated by the Federal Rules of Civil Procedure, plaintiffs filed an "Application for Entry of Clerk's Default." (Doc. 5). The clerk entered a default against the defendants on May 29, 2015. (Doc. 6). On June 5, 2015, defendants filed a "Motion to Set Aside Default or Default Judgment." (Doc. 7). The court deferred ruling on defendants' motion until defendants certified a copy of the motion was served on plaintiffs' counsel. (Doc. 8). On June 19, 2015, defendants resubmitted the "Motion to Set Aside Default or Default Judgment" with a certificate of service. (Doc. 9). Plaintiffs have not responded in opposition to the motion.

## DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In determining whether a default should be set aside, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994)). Courts may also examine "whether the public interest [is] implicated, whether there [is] significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.*

Here, defendants have demonstrated good cause to set aside the default. Defendants acted promptly after the default was entered. The clerk entered the default on May 29, 2015 (doc. 6); on June 5, 2015, defendants filed their original

motion to set aside the default (doc. 7).  Defendants assert they failed to file an answer with the court because they contacted plaintiffs' attorney with their answer. (Doc. 9, p. 1).  Defendants also contend they can present meritorious defenses to plaintiffs' claims.  Defendants assert that one plaintiff, Shawn Turner, has waived his right to participate in this action by accepting payment of back wages as calculated by the U.S. Department of Labor.  (Doc. 9, p. 2-3).  Finally, it does not appear that plaintiffs will be prejudiced if the default is set aside.  In light of the Eleventh Circuit's "'strong policy of determining cases on their merits[,]'" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)), setting aside the default is appropriate.

  Accordingly, it is respectfully RECOMMENDED:

  1. That defendants' "Motion to Set Aside Default or Default Judgment" (docs. 7, 9) be GRANTED and the clerk be directed to set aside the entry of default.

  2. That defendants be granted twenty-one (21) days to file a response to plaintiffs' complaint (doc. 1).

  At Pensacola, Florida, this 7th day of July, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:15cv158/MCR/CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv158/MCR/CJK